**UNITED STATES of America, Appellee,**

v.

**Joseph D'AMICO, Appellant.**

**No. 325, Docket 32769.**

United States Court of Appeals Second Circuit.

Argued Jan. 16, 1969.

Decided Feb. 20, 1969.

Henry K. Chapman, Irving Spieler, New York City, for appellant.

Douglas S. Liebhafsky, Asst. U. S. Atty., Robert M. Morgenthau, U. S. Atty., Charles P. Sifton, Asst. U. S. Atty., for appellee.

Before LUMBARD, Chief Judge, and MEDINA and WATERMAN, Circuit Judges.

PER CURIAM:

■ Appellant Joseph D'Amico was convicted after a jury trial in the United States District Court for the Southern District of New York, on the three counts of armed robbery, larceny and assault, acts which he was alleged to have committed in violation of 18 U.S.C. § 2113 (a), (b), and (d). Appellant was sentenced to fourteen years imprisonment. The major thrust of his appeal, raised in the case for the first time, is that the Fourth Amendment's prohibition against unreasonable searches and seizures was violated when a federal agent unarmed with a search warrant clipped, without appellant's consent, several strands of hair from appellant's head while appellant was in custody. At trial these strands were, over defense objection, admitted into evidence against appellant, and it was proved that the clipped hair came from the same person's head as the hair that had been found in one of two navy watch caps that were shown to have been apparently abandoned by the robbers as they fled from the scene of the crimes. At trial appellant's objections to the introduction of the hair were based upon claimed violations of the Fifth and Sixth Amendments, not upon a claim that the Fourth had been violated. Therefore, the trial judge did not address himself to the question appellant now presents to us. When an unreasonable search and seizure is claimed it is important that objections to the admission of any evidence seized be specific enough to apprise the trial judge of the basis of the claim and to give the Government an opportunity to develop fully the facts relevant to the circumstances of the search and seizure. Here it is obvious from the trial record that, because no proper objection had been made, the circumstances surrounding the "seizure" were never fully developed in the district court as they undoubtedly would have been if a proper objection had been made. See Fed.R.Crim.P. 41. See United States v. Gitlitz, 368 F.2d 501, 504 (2 Cir. 1966); United States v. Indiviglio, 352 F.2d 276, 279 (2 Cir. 1965), cert. denied, 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966).

■■ However, accepting appellant's Fourth Amendment argument as properly before us, we find no merit in it. Unquestionably the clipping of the few strands of appellant's hair by a federal agent constituted a "seizure" that might conceivably be subject to the "constraints of the Fourth Amendment," Schmerber v. California, 384 U.S. 757, 767, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); but the

fact that the officer failed to obtain a search warrant before cutting off the hairs does not necessarily require that we hold that this "seizure" was an unconstitutional one. *Schmerber, supra,* relied on by appellant is inapposite. In *Schmerber* the Court held that certain official intrusions into an individual's person require a search warrant in order for the intrusions to be deemed reasonable and not violative of the Fourth Amendment unless the exigencies of the circumstances of a case justify the failure to obtain a search warrant in that case. This holding does not comprehend that all official intrusions into an individual's person require, in the absence of extenuating circumstances, a search warrant in order to be reasonable. Some official in-custody investigative techniques designed to uncover incriminating evidence from a person's body are such minor intrusions into or upon the "integrity of an individual's person" (384 U.S. at 772, 86 S.Ct. 1826), that they are not, in the absence of a search warrant, unreasonable intrusions.[1] " '[T]he relevant test is not whether it is reasonable to procure a search warrant, but whether the search was reasonable.' United States v. Rabinowitz, 339 U.S. 56, 66, [70 S.Ct. 430, 94 L.Ed. 653]." Cooper v. California, 386 U.S. 58, 62, 87 S.Ct. 788, 791, 17 L.Ed.2d 730 (1967).

Here there was only the slightest intrusion (if indeed there was any intrusion at all): the clipping by the officer of the few strands of hair from appellant's head was so minor an imposition that appellant suffered no true humiliation or affront to his dignity. We hold that a search warrant was not required to justify the officer's act.

We fail to see how the taking of several strands of appellant's hair from his head while the appellant was in custody was in any way more prejudicial or of-

fensive than the taking of his fingerprints or his photograph. The seizure which occurred in this case was not an unreasonable one or one violative of the Fourth Amendment.

Affirmed.

1. See United States v. Richardson, 388 F.2d 842, 845 (6 Cir. 1968) (examination of defendant's hands for evidence of incriminating fluorescein powder held not to be a search within *Schmerber*); United States v. Caruso, 358 F.2d 184 (2 Cir. 1966); United States v. Collins, 349 F. 2d 863 (2 Cir. 1965); cf. United States v. Laub Baking Co., 283 F.Supp. 217, 222–225 (N.D.Ohio 1968).