**William BOUSE, Plaintiff-Appellant,**

v.

**Donald L. BUSSEY, Oregon State Police Officer, Crook County, Prineville, Oregon, Defendant-Appellee.**

**No. 76–1274.**

United States Court of Appeals, Ninth Circuit.

July 21, 1977.

---

William Bouse, pro. per., submitted on briefs.

Paul N. Daigle, Portland, Ore., submitted on briefs, for appellee.

Before SNEED and KENNEDY, Circuit Judges, and RICHEY,* District Judge.

PER CURIAM:

Appellant William Bouse, a prison inmate, brought suit in propria persona under 42 U.S.C. § 1983 against Donald L. Bussey, an Oregon state police officer, in essence alleging that Bussey had violated his right under the fourth and fourteenth amendments to be free from an unreasonable search and seizure. The district court granted appellee's motion to dismiss the complaint. Since Bouse's allegations, if

---

* Honorable Mary Anne Richey, United States District Judge for the District of Arizona, sitting by designation.

true, are sufficient to constitute a claim on which relief might be granted, we reverse.

The pleadings, viewed in the light most favorable to appellant, *Belt v. Johnson Motor Lines, Inc.*, 458 F.2d 443, 444 (5th Cir. 1972); *see Boddicker v. Arizona State Dental Association*, 549 F.2d 626, 628 (9th Cir. 1977), disclose the following facts: During appellant's incarceration as a pretrial detainee in the county jail on a charge of rape, he was taken to a small holding cell. While appellant was in the cell Officer Bussey demanded that appellant give him a sample of pubic hair, apparently for the purpose of comparing the sample to hair believed to have come from the perpetrator of the rape. Appellant repeatedly refused to comply. Officer Bussey, with the help of another officer, then allegedly unzipped appellant's jail uniform and forcibly pulled a sample of pubic hair from appellant's person. Officer Bussey had not obtained a search warrant for the sample.

 It is true that some investigative procedures designed to obtain incriminating evidence from the person are such minor intrusions upon privacy and integrity that they are not generally considered searches or seizures subject to the safeguards of the fourth amendment. *See United States v. Dionisio*, 410 U.S. 1, 14, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973) (voice exemplar); *United States v. Mara*, 410 U.S. 19, 22, 93 S.Ct. 774, 35 L.Ed.2d 99 (1973) (handwriting exemplar). We cannot, however, characterize the intrusion allegedly perpetrated by the police in this case as minor. It was sufficiently severe to constitute a search. The search of the appellant's person "went beyond mere 'physical characteristics . . . constantly exposed to the public,' and constituted the type of 'severe, though brief, intrusion upon cherished personal security' that is subject to constitutional scrutiny." *Cupp v. Murphy*, 412 U.S. 291, 295, 93 S.Ct. 2000, 2003, 36 L.Ed.2d 900 (1973) (citation omitted). If appellant's contentions are true, he was subjected to a painful and humiliating invasion upon the most intimate parts of his anatomy, and when the police perform such an investigation, they are bound to comply with the requirements of the fourth and fourteenth amendments.

 None of the circumstances of this case justified conducting the search without a warrant. "Search warrants are ordinarily required for searches of dwellings, and, absent an emergency, no less could be required where intrusions into the human body are concerned." *Schmerber v. California*, 384 U.S. 757, 770, 86 S.Ct. 1826, 1835, 16 L.Ed.2d 908 (1966). The warrantless search cannot be justified by exigent circumstances. Appellant was being held in custody pending trial, and there was no danger that the evidence sought might be destroyed before a warrant could be obtained. *Compare Schmerber v. California, supra* (evanescent alcohol content in blood); *Cupp v. Murphy, supra* (incriminating evidence beneath the suspect's fingernails); *United States v. Smith*, 152 U.S.App.D.C. 229, 470 F.2d 377 (1972) (benzidine test to detect presence of blood on defendant's person).

*United States v. D'Amico*, 408 F.2d 331 (2d Cir. 1969), holding that investigators could clip a few strands of hair from a defendant's head while he was in custody, is not to the contrary. The court in that case concluded that no warrant was required because the intrusion was so minor that the seizure was reasonable. By contrast, the conduct alleged in this case presents an invasion into personal privacy of a different magnitude, requiring fourth amendment protection.

In border crossing cases, where there is no per se requirement for a warrant to conduct a body search, we have noted that the failure to obtain a warrant is relevant to deciding whether a search was unreasonable. *United States v. Cameron*, 538 F.2d 254, 258 (9th Cir. 1976). We have also stated that "[a]ny body search, if it is to comport with the reasonableness standard of the fourth amendment, must be conducted with regard to the subject's privacy and be designed to minimize emotional and physical trauma." *Id.* These considerations are applicable here, both in determining that the intrusion constituted a search and that a warrant was required. We con-

clude that the warrantless search and seizure, if true as alleged in Bouse's complaint, violated appellant's constitutional rights, and that the district court erred in dismissing the complaint.

■ Appellant also argues that the trial court erred in denying his motion to amend his complaint to state that the defendant's conduct violated his fourth and fifth amendment rights. Under the Federal Rules of Civil Procedure, complaints are to be liberally construed. *See generally* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1215 (1969). The proposed amendment would have added nothing new to Bouse's complaint, which alleged violations of his fourteenth amendment rights and of his constitutional and civil rights under 42 U.S.C. § 1983. The district court therefore properly exercised its discretion in denying leave to amend. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Our holding is confined to reversal of the lower court's determination that the conduct alleged here did not constitute a violation of the right secured to the appellant by the constitution and law of the United States. We express no view as to the merits of any defenses that might be raised, such as the immunity of government officers.

REVERSED AND REMANDED for further proceedings.

MARY ANNE RICHEY, District Judge, concurring:

I concur in the reversal of the district court's judgment dismissing the action on the pleadings. Complaints under the Civil Rights Act are to be liberally construed and should be dismissed for failure to state a claim only if the plaintiff can prove no set of facts which would entitle him to relief. *Sherman v. Yakahi*, 549 F.2d 1287 (9th Cir., 1977). I agree with the majority opinion insofar as it holds that the complained of procedure was a "search and seizure" within the meaning of the Fourth Amendment and therefore subject to constitutional scrutiny. I also agree with the majority's directive that the failure of the police to obtain a search warrant should be considered in assessing the reasonableness of the procedure. However, I depart from the majority ruling to the extent it holds that the absence of a search warrant renders the procedure unlawful *per se.*

In his complaint, appellant alleged, *inter alia,* that the challenged procedure was carried out against his will by use of threats and force, that he was thereby placed in fear of bodily harm, and that he suffered pain and humiliation at the hands of appellee. Thus, on its face, the complaint posed the issue whether the procedure employed in obtaining the hair sample was so unreasonable or outrageous as to amount to a violation of appellant's constitutional rights. *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); *Rochin v. California*, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952). On the basis of the pleadings, the district court ruled "[t]he subjective 'shock the conscience' test of *Rochin v. California* . . . ha[d] not been met." R.A. 36.

I join in the reversal of the district court's judgment because it cannot be determined from the pleadings whether appellant can prove facts which would entitle him to relief. According to the allegations of the complaint, appellant was subjected to a forcible, painful, and humiliating seizure of evidence against his will. The complaint placed in issue the constitutionality of the procedure employed. The district court erred in resolving that issue without an evidentiary hearing on the total circumstances surrounding the challenged police conduct. The reasonableness, within the meaning of the Fourth and Fourteenth Amendments, of the seizure of evidence will turn upon such factual questions as whether the police were acting under any authorization, whether there was an urgent need for the hair sample in the criminal investigation, whether efforts were made to minimize appellant's emotional and physical discomfort, and whether excessive force was

utilized during the procedure.[1] I would therefore vacate the judgment below and remand to give appellant the opportunity to support the allegations of his complaint with factual proof.

The majority opinion goes a step further and decides the constitutional issue on the merits, holding that the failure of the police to obtain a warrant rendered the challenged procedure unconstitutional. I respectfully suggest that the holding looks beyond the factual allegations of the pleadings [2] and misses the true thrust of appellant's complaint. The complaint was directed at the means and procedures employed in obtaining the evidence and the police officers' disregard for appellant's personal sensitivity. A prior judicial authorization, without more, would not have avoided the alleged emotional and physical trauma suffered by appellant. Moreover, I find considerable support for appellee's position that a warrant was not constitutionally required under the circumstances presented here. *See United States v. Edwards,* 415 U.S. 800, 94 S.Ct. 1234, 39 L.Ed.2d 771 (1974); *United States v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); *cf. Charles v. United States,* 278 F.2d 386 (9th Cir.), *cert. den.* 364 U.S. 831, 81 S.Ct. 46, 5 L.Ed.2d 59 (1960). In any event, I believe the question should not be resolved without the benefit of a complete factual record. I would therefore refrain from deciding the constitutional claim on the merits and would remand for a full evidentiary hearing.

---

1. The facts relevant to appellant's constitutional claim are much the same as those relevant to appellee's defense of immunity. Indeed, it has been noted that the immunity of a state officer is integrally related to a civil rights claim against him, and that a complaint under 42 U.S.C. § 1983 should allege facts sufficient to overcome the officer's qualified immunity in order to state a cause of action. *Jones v. Marshall,* 528 F.2d 132 (2d Cir. 1975); *Johnson v. Glick,* 481 F.2d 1028 (2d Cir.), *cert. den.* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 32 (1973).

2. The pleadings set forth no allegations pertaining to a search warrant. The issue of a warrant requirement was not directly addressed until appellant moved to vacate the judgment of dismissal. R.A. 40.