

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-29-2004

# Coddington v. Evanko

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3850

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Coddington v. Evanko" (2004). *2004 Decisions.* Paper 184.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/184

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT  PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-3850
_____

WILLIAM E. CODDINGTON,
Appellant
v.

PAUL EVANKO, in his capacity as Commissioner of the
Pennsylvania State Police; FRED STREET, in his capacity as
Lieutenant of Pennsylvania State Police; MARY POWELL, in
her capacity as Lieutenant of the Pennsylvania State Police;
BYRON LOCKE, in his capacity as Sergeant of the Pennsylvania
State Police; CHRISTOPHER WALSH, in his capacity as Corporal
of the Pennsylvania State Police; DARRELL G. OBER, in his
capacity as a Captain of the Pennsylvania State Police;
DONALD T. CARNAGHAN, in his capacity as a Lieutenant of the
Pennsylvania State Police

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

(D.C. No. 00-cv-2340)
District Judge:  The Honorable Robert J. Cindrich
_____

ARGUED MAY 12, 2004

BEFORE: NYGAARD, McKEE, and CHERTOFF, <u>Circuit</u> <u>Judges</u>.

(Filed October 29, 2004)
_____

Eric C. Stoltenberg, Esq. (Argued)
Lightman & Welby
220 Grant Street, 6th Floor
Pittsburgh, PA 15219
            Counsel for Appellant


Kemal A. Mericli, Esq. (Argued)
Office of Attorney General of Pennsylvania
564 Forbes Avenue, 6th Floor
Manor Complex
Pittsburgh, PA 15219
            Counsel for Appellees


_____

OPINION OF THE COURT
_____


NYGAARD, Circuit Judge.

        In this appeal, we must determine whether the District Court erred by concluding that William Coddington's Fourth Amendment rights were not violated when his superiors in the Pennsylvania State Police required that he provide a hair sample for a drug test.  We will affirm the District Court because, as we held in *In re Grand Jury Proceedings (Appeal of Mills)*, the cutting of one's hair for the purpose of obtaining a sample does not constitute a search under the Fourth Amendment.  686 F.2d 135, 137-40 (3d Cir. 1982).

I.

Coddington, a Pennsylvania State Trooper, reported for duty on April 5, 1999.[1] At the beginning of his shift, he was told by several of his superior officers that they had received confidential information that he was using cocaine. As a result of this information, Coddington was ordered to submit to the collection of a hair sample so that it could be tested for the presence of illegal drugs.

According to Coddington, his hair was initially cut by Sergeant Byron Locke in a crime room at a Pennsylvania State Police station. Locke cut hair from Coddington's head, neck, and a small section in the area of his left shoulder blade. After Locke finished, Coddington was informed that additional hair had to be taken and he was given the option of going to a barber shop, a salon or the home of a retired state police trooper whose wife, a former beautician, could take the additional hair sample. Coddington opted to go to the private home and, once there, the additional hair was taken. The test results on the hair came back negative for cocaine or any other illegal drug.

Coddington sued the various individual appellees in their capacities as employees of the Pennsylvania State Police. After an initial motion to dismiss was granted with respect to three counts in Coddington's complaint, the District Court permitted Coddington to continue his suit on two remaining counts. In one of the remaining counts, Coddington alleges that the appellees violated his Fourth Amendment

---

1. We summarize the facts of this case viewing the record in a light most favorable to Coddington. *See* Fed. R. Civ. Proc. 56(c).

rights by taking the hair sample without reasonable suspicion. In the other, he claims that the manner in which the appellees took his hair sample violated his Fourth and Fourteenth Amendment rights to privacy.

On cross motions for summary judgment, the Magistrate Judge issued a report and recommended that the District Court grant the appellees' motion for summary judgment as to both of the remaining counts. The District Court adopted this report and recommendation as its opinion and granted the appellees' motion. It is from this order that Coddington appeals.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's decision on a motion for summary judgment. *Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003). Summary judgment is appropriate when, viewed in a light most favorable to the non-moving party, the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Proc. 56(c).

## III.

The District Court concluded that the hair sample taken from Coddington did not implicate his Fourth Amendment rights. It based this decision on two cases: *Mills*, 686 F.2d at 137-40 and *Drieble v. City of Milwaukee*, 298 F.3d 622, 638 (7th Cir. 2002).

4

In *Mills*, we instructed that the key question in addressing whether the taking of a hair sample was a "search" under the Fourth Amendment was whether "the compulsion to produce facial and scalp hair samples . . . is more akin to fingerprinting and voice and handwriting exemplars which have been held outside the ambit of Fourth Amendment protection or whether it is more closely aligned with the extraction of blood samples or fingernail scrapings which have been subjected to Fourth Amendment analysis as to reasonableness." *Id.* at 139. We resolved this question with the following holding:

> We conclude that there is no greater expectation of privacy with respect to hair which is on public display than with respect to voice, handwriting or fingerprints. In the case of blood samples and fingernail scrapings, the bodily seizure requires production of evidence below the body surface which is not subject to public view. In the case of facial and head hair, as well as fingerprints, voice and handwriting exemplars, the evidence is on public view.

*Id. Mills'* holding is clear that the taking of hair is not subject to restrictions imposed by the Fourth Amendment.

In an attempt to avoid this precedent, Coddington argues that the manner in which his hair was collected was sufficiently unreasonable to trigger the Fourth Amendment's protections against "intrusions which are . . . made in an improper manner." *Schmerber v. California*, 384 U.S. 757, 768 (1966). In support of this argument, he relies on two discrete portions of *Mills*. First, addressing the analogy

5

between the cutting of hair to get a hair sample and the amputation of a finger to get a finger print, the majority in *Mills* stated, "the cutting of a few strands of hair is hardly akin to the amputation of a finger. Nor is it the sort of 'annoying, frightening, and perhaps humiliating experience' involved in the policy pat-down in *Terry v. Ohio*, 392 U.S. [1, 25 (1968)]." *Mills*, 686 F.2d at 139.

Second, Coddington seizes on the limitation *Mills* placed on its holding regarding the Fourth Amendment's restrictions on intrusions that are made in an improper manner. "No issue as to the manner of sampling is raised . . . [a] snip of hair is often adequate for identification purposes." *Id.* at 139-40.

Based on these statements in *Mills*, Coddington argues that determining whether a hair sample implicates the Fourth Amendment's protections is a case-by-case determination that must involve an analysis of the method used to obtain the hair sample. According to Coddington, when the appellees took noticeable quantities of hair from his head, neck and back, they infringed on his Fourth Amendment rights because their method of hair sampling was improper.

Coddington's argument misapprehends the limitations contained in *Mills*. *Mills*' statements regarding the method of obtaining hair samples expressly dealt with the import of its holding on the taking of hair root samples. The exact language from *Mills*, including relevant portions excised by Coddington in his brief, states:

6

No issue as to the manner of sampling is raised in this case, **nor has there been any suggestions that the hair sample requested by the grand jury sought the hair root with which [the concurring judge] is concerned**.  A snip of hair is often adequate for identification purposes.  **We need not decide whether the result might be different were the hair root requested, since the hair root, unlike the exposed hair, is a living structure**.

*Id.* (internal citations omitted)(emphasis added).

*Mills* was clear in holding that there is a difference between the hair root and the exposed portion of hair.  This difference is extremely important in a Fourth Amendment context because, while the exposed portion of hair is above the body surface, on public view and not deserving of Fourth Amendment protection, the hair root, like blood and fingernail scrapings, is "below the body surface . . ., not on public view" and may well be deserving of such protection.  *Id.* at 139.  We need not address the issue of whether the hair root is entitled to more protection than the exposed hair, however, because Coddington is not alleging that the appellees took hair roots, or any other portion of the hair that was below his body surface.  Instead, he is claiming that his hair was removed from his head, neck and back in such a way that was degrading and left him with bare spots on his scalp.

Moreover, we decline to take Coddington's invitation to read *Mills* as requiring courts, in every case, to examine the amount of hair taken from an individual's head.  Coddington has presented no evidence that his hair sample was taken in a way that was intentionally degrading or humiliating or that the manner in which it was taken was

7

sufficiently improper. *Cf. Bouse v. Bussey*, 573 F.2d 548, 550-51 (9th Cir. 1977) (holding that the forcible pulling of pubic hair from a prisoner was a search under the Fourth Amendment). The fact that Coddington had very short hair on his head, requiring the police officers and the beautician to shave some of his hair to the skin in order to obtain a sufficient quantity for the drug test, does not alter the fact that the only hair that was taken was above the body surface and on public display, and that hair was taken in a proper manner.[2]

Accordingly, the hair sample Coddington was obligated to produce does not implicate the Fourth Amendment's protections and the District Court was correct in granting summary judgment for the appellees. We will affirm.

---

2.    Because we will affirm the District Court's order based on *Mills*, we do not reach the issue of whether the District Court also correctly applied *Drieble*.

8