Edward KENNEDY,
Appellant,

v.

H & M LANDING, INC., et al.,
Appellees.

No. 74–2031.

United States Court of Appeals,
Ninth Circuit.

Jan. 30, 1976.

James J. Oppen (argued), Santa Barbara, Cal., for plaintiff-appellant.

Frederick W. Clough (argued), Santa Barbara, Cal., Joseph E. Berg, III (argued), of Miller, Jennings & Kearney, San Diego, Cal., for defendants-appellees.

### OPINION

Before CARTER, TRASK and GOODWIN, Circuit Judges.

PER CURIAM:

Plaintiff, a vendor of live bait for sports fishermen, appeals the dismissal of his action for want of federal jurisdiction. We affirm.

Plaintiff sought damages for alleged breaches of and interferences with a written and an alleged oral contract. The written contract was actually a per-mit from the City of Santa Barbara which authorized plaintiff to provide live bait to the public and to sports-fishing and charter boats in Santa Barbara harbor. Under the alleged oral contract, plaintiff agreed to furnish live bait to the sports-fishing enterprise operated by appellee H & M Landing, Inc. Plaintiff claimed federal jurisdiction on the theory that his bait business involved maritime contracts enforceable in admiralty under 28 U.S.C. § 1333. He also asserted a civil rights claim under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3).

Calling a contract a maritime contract does not make it one. See 7A J. Moore, Federal Practice ¶ .225 (2d ed. 1972). Plaintiff's contract with the city did not require him to furnish services or supplies to any particular vessel or its crew, but rather permitted him to sell bait to such persons as were willing to buy it for use on vessels or otherwise at such times and places as the purchasers might elect. Similarly, the complaint alleges only that the oral contract bound the plaintiff to furnish bait to the business operated by H & M Landing, Inc. It does not allege that H & M contracted for provisioning of a particular vessel nor does it allege that H & M had any duty to buy bait. Plaintiff may in fact have supplied bait for the H & M vessel "Happy Day". This does not convert the executory agreement into a maritime contract. Neither the subject matter of the permit (live bait to all comers) nor that of the alleged oral contract (bait to H & M) has anything to do with the navigation of a vessel or with its participation in maritime commerce. See 7A J. Moore, Federal Practice ¶ 230, at 2751–81, 2852.

None of the reasons which commend a uniform system of admiralty law in the federal courts for maritime commerce seems to be present here. An historic reason for federal jurisdiction in maritime cases was to protect the unpaid chandler. A vessel which receives goods or services in one port may move to another port beyond the reach of process if

the marshal cannot go down to the harbor and secure the vessel in an *in rem* proceeding. Given the powerful incentives foreign owners and their shipmasters may have to avoid *in personam* jurisdiction, the *in rem* procedure in admiralty was an idea which had to be invented, and has been part of the law of the sea since long before any of the American states achieved statehood. *See* 7A J. Moore, Federal Practice ¶ 225, at 2711–12. But none of the defendants in this case is beyond reach of state-court process, or is likely to get beyond reach. A person claiming an exclusive franchise in the harbor to sell fish bait to the world at large does not have a maritime contract merely because the bait, if sold, might eventually reach deep water on some unidentified fishing boats using the harbor.

■ The trial court dismissed for failure to state a claim plaintiff's civil rights action under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3). On a motion to dismiss, material allegations of the complaint are taken as admitted, and the complaint is to be liberally construed in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). The plaintiff here gave timely notice to the City of his intention to exercise his right of first refusal under the existing contract. This right was not one of automatic renewal; the City was simply obligated to negotiate. If agreement could not be reached, the existing contract would expire by the passage of time. Following the notice, the plaintiff met with the harbormaster and a harbor commissioner. The owner of H & M Landing, Inc., Jack Ward, was also present. The negotiations were continued to a later date, at which time Ward was again present.

Plaintiff alleges that as a result of Ward's participation the negotiations came to naught. Plaintiff further alleges that thereafter the harbormaster and the commissioners, in furtherance of a conspiracy with Ward and his predecessors-in-interest, made false and fraudulent representations to the city council of Santa Barbara. As a result, the council awarded a live-bait permit to H & M instead of renewing the plaintiff's contract.

■ A pleading will not be sufficient to state a claim under the Civil Rights Act if the allegations are mere conclusions. *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971); *see also Friedman v. Younger*, 46 F.R.D. 444, 446 (C.D.Cal.1969). Nowhere in his complaint does the plaintiff identify the civil right allegedly invaded. In his brief in this court, he asserts that his injured right is that of the freedom from impairment by the state of contractual obligations guaranteed in U.S.Const. art. I, § 10 cl. 1. Even if § 1983 embraces such a claim, plaintiff's allegation is facially insufficient. No law was passed impairing the obligation of an existing contract. *See Ogden v. Saunders*, 25 U.S. (12 Wheat.) 213, 256, 6 L.Ed. 606 (1827). The alleged bad faith of the harbormaster and commissioners in negotiating may be grounds for relief in the state courts, but neither their actions nor the council's failure to renew could constitute a violation of the impairment clause.

Plaintiff has not alleged, and we cannot discern, any other constitutionally anchored interest at issue. The complaint was properly dismissed for failure to state a claim upon which relief could be granted.

Affirmed.