**Jake SHERMAN, Plaintiff-Appellant,**

**v.**

**Seiko YAKAHI et al.,
Defendants-Appellees.**

**No. 76–2880.**

United States Court of Appeals,
Ninth Circuit.

Feb. 2, 1977.

---

* The Honorable Lawrence T. Lydick, United States District Judge for the Central District of California, sitting by designation.

Richard Gayer (argued), San Francisco, Cal., for plaintiff-appellant.

McMorris M. Dow (argued), Deputy City Atty., San Francisco, Cal., for defendants-appellees.

## OPINION

Before WRIGHT, KILKENNY and CHOY, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

On appeal is the issue whether Sherman's first amended complaint states a claim upon which relief could be granted. Expressing no opinion on the merits of the underlying case, we find that two causes of action were sufficiently pleaded to withstand a motion to dismiss: (1) that Sherman's termination of employment was the result of reverse racial discrimination,[1] and (2) that the Civil Service Commission failed to follow its own procedures when inquiring into the termination. We reverse and remand for consideration of these two claims only.

## FACTS

Sherman, who is Jewish, was employed as an electrical engineer with the San Francis-

co Public Utilities Commission. Under § 8.340 of the San Francisco Charter,[2] Sherman had to serve a six-month probationary period, during which time his appointment could be terminated by the appointing officer with written notice to the employee and the Civil Service Commission, specifying the reasons for termination.

Sherman alleges that his immediate supervisor Yakahi, of Japanese ancestry, discriminated against him by giving him a test but not giving any to the other probationary employees, all of whom were of Oriental heritage.[3] He alleges that the test results were presented at the Civil Service Commission review of the appointing officer's decision to terminate him and that the test was the only basis presented for the charge of technical incompetence.[4]

At the termination hearing Sherman, although represented by an attorney, was not allowed to present his three witnesses or to make a closing argument. He was permitted to present a written chronology of events and an affidavit describing departmental procedures. His termination on the basis of lack of technical capability was upheld, but his name was restored to the

---

1. Cf. McDonald v. Santa Fe Trail Transportation Co., 427 U.S. 273, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976).

2. 8.340 Dismissal During Probation Period

Any appointment to a position declared permanent by the civil service commission shall be on probation for a period of six months, provided that the probationary period for entrance positions in the uniform rank of the police and fire departments shall be for one year. At any time during the probationary period the appointing officer may terminate the appointment upon giving written notice of such termination to the employees and to the civil service commission specifying the reasons for such termination. Except in the case of uniformed members of the police and fire departments the civil service commission shall inquire into the circumstances. If the appointment resulted from an entrance examination the commission may declare such person dismissed or may return the name to the list of eligibles under such conditions for further appointment as the commission may deem just. If the appointment resulted from a promotional examination the employee shall have the right of appeal and hearing before the civil service

commission. The commission shall render a decision within thirty days after receipt of the notice of termination and (a) may declare such person dismissed; or (b) order such person reinstated in his position without prejudice, and the commission may in its discretion order that the employee be paid salary from time of the termination of his appointment; or (c) order the return of such person to the position from which he was promoted. The decision of the commission shall be final. Immediately prior to the expiration of the probationary period the appointing officer shall report to the civil service commission as to the competence of the probationer for the position, and if competent, shall recommend permanent appointment.

The provisions of this section shall be effective on the first day of the month immediately following the date of ratification of this amendment by the State Legislature.

3. See paragraph 16 of the amended complaint.

4. See paragraph 23 of the amended complaint.

list of eligible 5240 Electrical Engineers with the qualification that he never be certified for a position with the Public Utilities Commission.

### STANDARD OF REVIEW

■ The controlling standard, first enunciated in *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957), is that an action may be dismissed for failure to state a claim only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Because Sherman was *pro se* at the trial stage of this proceeding, his allegations must be viewed under an even less stringent standard. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).[5]

■ On a motion to dismiss, material allegations of the complaint are taken as admitted and the complaint is to be liberally construed in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). A pleading will not be sufficient to state a claim under the Civil Rights Act if the allegations are mere conclusions, however. *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971); *Kennedy v. Landing*, 529 F.2d 987, 989 (9th Cir. 1976). Additionally, the plaintiff must identify the civil rights allegedly violated in his complaint.

### CIVIL RIGHTS ACT VIOLATIONS

Sherman alleges that his termination resulted from a violation of 42 U.S.C. §§ 1981, 1983 (1970) in that he was discriminated against on both racial and religious grounds.

Conclusionary allegations, unsupported by facts, have consistently been rejected as insufficient to state a claim under the Civil Rights Act. *Williams v. Gorton*, 529 F.2d 668, 671 (9th Cir. 1976). "It [is] incumbent upon [plaintiff] to allege with at least some degree of particularity overt acts which defendants engaged in" which support plaintiff's claim. *Powell v. Workmen's Compensation Board*, 327 F.2d 131, 137 (2nd Cir. 1964).

■ Appellees assert that the only fact Sherman alleged in support of his charge of racial bias was that three Orientals survived the probationary period while he, a Caucasian, did not. This is not accurate, however. Sherman alleged that only he was tested by the supervisor and that the test results were presented at the termination review.[6] The likelihood of appellant's success at trial is not for us to judge, but only whether "it appears *beyond doubt* that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson, supra*, 355 U.S. at 45–46, 78 S.Ct. at 102. (Emphasis added.)

Because Sherman has pleaded an overt act which, under the standard of review for *pro se* pleadings, gives substance to his claim of discrimination and takes it from the realm of purely unsupported, conclusionary allegations, we hold that this portion of the complaint should not have been dismissed for failure to state a claim upon which relief could be granted.

■ Sherman also alleges in paragraph 34 of his complaint that he, a Jew, was the only person denied permanent employment

---

**5.** As Justice Stevens recently stated in *Estelle v. Gamble*, 429 U.S. 97, 112–113, 97 S.Ct. 285, 295, 50 L.Ed.2d 251 (1976) (dissenting opinion):

> The reasons for the *Haines* test are manifest. A *pro se* complaint provides an unsatisfactory foundation for deciding the merits of important questions because typically it is inartfully drawn, unclear, and equivocal, and because thorough pleadings, affidavits, and possibly an evidentiary hearing, will usually bring out facts which simplify or make un-

necessary the decision of questions presented by the naked complaint.

> Admittedly, it is tempting to eliminate the meritless complaint at the pleading stage. Unfortunately, this "is another instance of judicial haste which in the long run makes waste," *Dioguardi v. Durning*, 139 F.2d 774, 775 (C.A.2 1944) (Clark, J.), cited with approval in *Haines v. Kerner, supra*, 404 U.S., at 521, 92 S.Ct., at 596.

(Footnote omitted.)

**6.** *See* paragraph 23 of the amended complaint.

with the Public Utilities Commission. This allegation is defective for failure to allege that he was terminated because of his religion. The allegation presents only some statistical facts and allows the reader to draw a conclusion. This portion of the complaint was properly dismissed.

## DENIAL OF DUE PROCESS

Sherman also alleges denial of due process on a variety of grounds. To determine what process is due him, it must be determined whether he had a property or liberty interest in his employment.

■ Without extending this opinion unduly, we conclude that Sherman was only a probationary employee and had no interest in his employment that would entitle him to any hearing beyond that provided for in the controlling regulations of the Civil Service Commission and in the applicable Charter provisions. *See Arnett v. Kennedy,* 416

U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974); *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Cafeteria Workers v. McElroy,* 367 U.S. 886, 895–96, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961); *Jacobs v. Kunes,* 541 F.2d 222, 225 (9th Cir. 1976); *Jablon v. Trustees,* 482 F.2d 997 (9th Cir. 1973), *cert. denied,* 414 U.S. 1163, 94 S.Ct. 926, 39 L.Ed.2d 116 (1974).

Section 8.340 of the San Francisco Charter provides that upon being given written notice of the termination of an employee whose appointment was the result of an entrance examination "the civil service commission shall inquire into the circumstances." [7] The term "inquire" is not defined but Civil Service Commission rules do exist which apply in proceedings for the termination of a probationary employee in an entrance classification.[8]

■ Sherman alleges that the applicable rules [9] were not followed during his termi-

7. *See* note 2, *supra.*

8. Under Rule 6 we find the following applicable section.

Section 6.03  PROCEDURE FOR TERMINATION OF PROBATIONARY EMPLOYEE IN AN ENTRANCE CLASSIFICATION

A probationary employee serving in an entrance classification may be terminated by the appointing officer at any time during the probationary period. The notification and hearing procedures shall be in accordance with Section 8.340 of the Charter and with the provisions of Rule 6, Section 6.01.

The Commission shall take one or more of the following actions:

a) May declare such person dismissed, or return the name to the eligible list from which appointed under such conditions for further appointment it deems appropriate, provided that certification to the same position and same immediate supervisor will not be made if the termination was for disciplinary reasons.

b) Order the name of the person removed from any regular eligible list or lists on which he may have standing.

c) Restrict participation in further examinations as it deems appropriate.

9. We arrive at what appears to be the applicable section by a rather circuitous route. Section 6.03 refers us to Section 6.01. Section 6.01 states that the matter will be heard in accordance with Section 5.13. We reproduce these sections below.

RULE 6
DISCIPLINARY HEARINGS
Section 6.01  PROCEDURE FOR TERMINATION OF REGULAR TEMPORARY EMPLOYEE

A regular temporary employee may be terminated for cause by an appointing officer at any time. A notice of termination on the proper Personnel Department form, from the appointing officer to the employee detailing the specific reason(s) for the termination, shall serve as official notice of such termination. The notice of termination shall be sent by certified mail. A copy of the termination form must be filed in the Personnel Department. The termination must be approved in accordance with Section 3.501 of the Charter.

The notice of termination must include the following information:

a) That the regular temporary employee has a right to an inquiry before the Civil Service Commission in regard to his future employability with the City and County of San Francisco.

b) That the regular temporary employee has a right to be personally represented by an attorney or authorized representative of his own choice at the inquiry.

c) That the regular temporary employee will be notified a reasonable time in advance of the inquiry about the date, time and place of the inquiry.

d) That the regular temporary employee, his attorney or authorized representative may inspect those records and materials in

nation hearing.[10] Specifically, Section 5.13 of Rule 5 gives the employee the right to present closing arguments and to call a reasonable number of witnesses.

■ Appellees argue that because Sherman's name was restored to the list for further employment, the outcome of the hearing was favorable to him and any irregularities were inconsequential. It does appear from a reading of Section 6.03 [11] that the Civil Service Commission did not have the option of returning Sherman to his original *job*. It does appear to have the option of returning the employee to the eligible *list* from which appointed, however, *without* any attached qualifications. Even certification to the same position and same immediate supervisor is permissible unless the termination was for disciplinary reasons. Rule 6.03(a).

Sherman's termination was not for disciplinary reasons but rather for technical incompetence. Therefore, even though the Commission was without power to overturn the termination, it could have returned Sherman to the eligible list *without* the qualification that he not be certified to a position with the Public Utilities Commission.

"Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures." *Morton v. Ruiz*, 415 U.S. 199, 235, 94 S.Ct. 1055, 1079, 39 L.Ed.2d 270 (1974). *Accord Nader v. Nuclear Regulatory Commission*, 168 U.S. App.D.C. 255, 513 F.2d 1045, 1051 (1975). *Cf. United States v. Caceres*, 545 F.2d 1182 (9th Cir. 1976). A liberal reading of Sherman's complaint indicates that he has stated a cause of action for violation of the Commission's own rules. Because there was a more favorable outcome to which Sherman might have been entitled had the hearing been conducted according to the applicable rules, the complaint should not have been dismissed for failure to state a claim upon which relief could be granted.

The rest of Sherman's allegations, not discussed here, do not merit further comment and none states a cause of action. As

the Civil Service Commission office which relate to the termination.

e) Any interested party may request a continuance of the inquiry.

The stated reason(s) for the termination must be enumerated. Records of warnings, reprimands and previous suspensions, if applicable to the instance of termination, must be attached to the termination form.

The appointing officer or his representative who has personal knowledge of the facts which constitute the basis for the termination shall appear when the matter is to be considered by the Commission. The matter will be heard in accordance with Rule 5, Section 5.13. Interested parties may record the inquiry if they provide the necessary equipment.

The Commission thereupon shall take one or more of the following actions:

a) Declare the person dismissed from the service and remove the name of the person from the eligible list.

b) Order the name of the person removed from any other list or lists on which he has eligibility.

c) Restrict participation in further examinations as it deems appropriate.

d) Return the name of the person to the eligible list from which appointed without restriction, or under such conditions for further appointment as it deems appropriate. (Amended 5–7–73)

Section 5.13 ORDER OF PRESENTATION

The proponents of any calendared matter, who, in a hearing under Rule 6, shall be the appointing officer or his authorized representative, shall first present their supporting arguments. The opponents of any calendared matter who, in a hearing under Rule 6, shall be the terminated employee, his attorney or authorized representative shall then have the opportunity to present their arguments in opposition. The proponents and the opponents shall have the right to:

1. Call a reasonable number of witnesses;

2. Ask relevant questions of opposing parties and their witnesses; and

3. Present closing arguments.

The Civil Service Commission shall formally indicate when the taking of evidence at the hearing is closed. Thereafter, no taking or receipt of further evidence, information or documents shall be permitted without the express approval of the Civil Service Commission and without first apprising all parties involved in the hearing of such evidence, information or documents. (Amended 5–7–73)

**10.** *See* paragraphs 8, 9, and 17 of the amended complaint.

**11.** *See* note 8, *supra*.

to those, dismissal was proper. We therefore reverse only with regard to the claim of racial discrimination and the claim of failure to follow Civil Service Commission Rule 5, Section 5.13 and we remand for further proceedings consistent with this opinion.