972 F.2d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Freddy ROBERTS; Joan Roberts; Preston Roberts, Plaintiffs-Appellants,
v.
WESTERN MANAGEMENT SYSTEMS; Beaver Insurance Company;
Trucking Unlimited Company; Babcock Industrial Clinic; Max
Gerchick, M.D.; Edward Boseker, M.D.; John Chung, M.D.;
Martin Morris, M.D.; Robert R. Shelley; Robert Murray,
Judge, et al. Defendants-Appellees.
 No. 91-56239.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1992.*
Decided Aug. 20, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Freddy Roberts, Joan Roberts, and Preston Roberts appeal the district court's order dismissing their civil rights action for failure to state a claim under Fed.R.Civ.P. 12(b)(6). The Robertses claimed that the defendants conspired to prevent Freddy Roberts from receiving additional medical care and compensation for his on-the-job injury. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review de novo a dismissal of a civil rights action for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir.1986), cert. denied, 479 U.S. 1054 (1987). All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Tanner v. Heise, 879 F.2d 572, 576 (9th Cir.1989). Dismissal is appropriate if the district court concludes that the plaintiff can prove no set of facts to support her claim for relief. Gibson, 781 F.2d at 1337. "Conclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act." Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir.1977).
 
 
 4
 Under 42 U.S.C. § 1985, it is unlawful to conspire to interfere with certain civil rights. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir.1988). "A mere allegation of conspiracy without factual specificity is insufficient." Id. Claims under section 1985 that do not assert a federal interest with the alleged conspiracy require the plaintiff to allege class-based animus. See Bretz v. Kelman, 773 F.2d 1026, 1029-30 (9th Cir.1985).
 
 
 5
 Here, the Robertses' amended complaint alleged that the defendants conspired to prevent Freddy Roberts from receiving adequate workers' compensation benefits.[1] Nevertheless, the amended complaint fails to assert facts supporting their claim, rather, it states, as a conclusion, the existence of a conspiracy between the defendants.[2] This is insufficient to state a claim under section 1985. See Karim-Panahi, 839 F.2d at 626. Furthermore, the Robertses failed to allege that they were members of a protected class. See Bretz, 773 F.2d at 1029. Therefore, an action under section 1985 was precluded. See id.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Robertses filed their original complaint on March 20, 1991 alleging claims under 42 U.S.C. §§ 1983, 1985, and 1986. The district court dismissed this complaint without prejudice and granted the Robertses leave to amend. On May 15, 1991, the Robertses filed their amended complaint alleging an action under 42 U.S.C. § 1985 only
 
 
 [2]
 The Robertses' 32-page amended complaint asserts facts relating to the individual defendants. There is no showing that they agreed with each other to minimize Freddy Roberts' benefits