Vernon WILLIAMS, Plaintiff,

v.

ICC COMMITTEE, Warden Vasquez, Sergeant Wells, East Block, and Officer Mayberry, Defendants.

No. C–92–2403 RFP.

United States District Court, N.D. California.

Aug. 31, 1992.

Vernon Williams, Tamal, CA, for plaintiff.

William Jenkins, Deputy Atty. Gen., State of Cal., San Francisco, CA, for defendants.

## ORDER

PECKHAM, Senior District Judge.

Plaintiff Vernon Williams, an African–American inmate at San Quentin prison has filed a complaint under 42 U.S.C. § 1983 alleging that he has been targeted by white prison personnel and treated inhumanely due to his race and his filing of legal actions challenging his conviction and conditions of confinement. Specifically, Mr. Williams alleges that he has been kept in administrative segregation without proper justification. In addition, he claims that prison officials took his glasses away from him despite his classification as legally blind. He also claims to have been deprived of his legal materials which he requires in order to respond to this court's grant of leave to amend a previous complaint. He also claims to have been denied the opportunity to make "legal phone calls". He further claims to have been deprived of toilet paper, soap and towel, and his food package. Finally, he claims that prison officials confiscated a letter written to him by his mother.

Plaintiff seeks injunctive relief to stop this allegedly cruel and unusual treatment and further requests that this court order the return of his glasses and legal materials and other property.

Plaintiff is granted leave to proceed with this action *in forma pauperis* pursuant to 28 U.S.C. § 1915.

## DISCUSSION

### 1. *Deprivation of Eyeglasses:*

██ Deliberate indifference to serious medical needs is sufficient to state a claim for violation of the eighth amendment proscription against cruel and unusual punishment. *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); *Jones v. Johnson,* 781 F.2d 769, 771 (9th Cir.1986). Such indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment. *Hutchinson v. United States,* 838 F.2d 390, 394 (9th Cir.1988); *Hunt v. Dental Department,* 865 F.2d 198 (9th Cir.1989) (delay of three months in providing dentures to inmate suffering serious dental problems appears to have been more than an isolated occurrence of neglect, from the facts it could be reasonably concluded that the delay was deliberate; summary judgment reversed and remanded).

██ This court finds Plaintiff's allegation that he has been deliberately deprived his eyeglasses although he is legally blind to state a cognizable claim for the deliberate indifference to medical needs.

### 2. *Access to Legal Property:*

██ The due process clause guarantees prisoners a constitutional right of meaningful access to the courts. *Bounds v. Smith,* 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977); *Sands v. Lewis,* 886 F.2d 1166 (9th Cir.1989); *Storseth v. Spellman,* 654 F.2d 1349, 1352 (9th Cir. 1981). The Second Circuit has stated that the ·denial of access to legal documents prepared by a *pro se* inmate constitutes a violation of the constitutional right to meaningful access to the courts. *Morello v. James,* 810 F.2d 344 (2nd Cir.1987).

Plaintiff alleges that he has been deprived of his legal papers and that this deprivation has left him unable to amend his complaint in another action as directed by this court. This court finds this allegation to state a cognizable claim for relief under Section 1983.

### 3. *Deprivation of Soap and Toiletpaper:*

██ Prison officials must provide all prisoners with the basic necessities of life including food, clothing, shelter, sanitation, medical care and personal safety. *Hoptowit v. Ray,* 682 F.2d 1237, 1246 (9th Cir. 1982), *on appeal, after remand, Hoptowit v. Spellman,* 753 F.2d 779 (9th Cir.1985). This does not mean, however, that this court can or should interfere whenever prisoners are inconvenienced or suffer *de minimus* injuries. *Hernandez v. Denton,* 861 F.2d 1421, 1424 (9th Cir.1988) (allegation that inmate slept without a mattress for one night is insufficient to state an eighth amendment violation), *vacated on other grds,* 493 U.S. 801, 110 S.Ct. 37, 107 L.Ed.2d 7 (1989).

This court considers the deliberate denial of toiletpaper and soap for any extended period to be more significant than a de minimus intrusion and certainly to constitute a denial of the "minimal civilized measure of life's necessities". *See Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). Such deprivation constitutes a denial of the basic necessity of proper sanitation and personal hygiene. Thus, this allegation states a claim for the violation of the eighth amendment.

### 4. *Deprivation of other Personal Property:*

██ Neither the negligent deprivation of property nor the intentional deprivation of property states a claim under Section 1983 provided the deprivation was random and unauthorized. *See Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled in part of other grds, Daniels v. Williams,* 474 U.S. 327, 330–31, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986) (state employee's negligent loss of prisoner's hobby kit did not state claim); *Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (intentional destruction of inmate's property did not state claim). The availability of a state tort action to remedy such losses precludes relief under Section 1983 because it provides adequate

procedural due process and therefore no constitutional right has been violated. *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir.1986).

■ Plaintiff has alleged only that one food package was denied him. He may seek state tort remedies for the deprivation of this property. Thus, this court must dismiss this claim because it fails to state a claim under 42 U.S.C. § 1983.

### 5. *Censorship of Mail:*

■ Plaintiff claims that the prison authorities confiscated a letter written to him by his mother. This court construes this claim to allege the censorship of Plaintiff's mail. A prison inmate retains those first amendment rights that are not inconsistent with his status as a prisoner or with legitimate penological objectives of the corrections. *Pell v. Procunier*, 417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974); *Storseth v. Spellman*, 654 F.2d 1349, 1355–56 (9th Cir.1981). Although there may be legitimate prison interests which are served by the censorship of inmate mail in a particular circumstance, and which may be brought to the court's attention through Defendant's responding papers, this court considers that Plaintiff has stated a cause of action for censorship in violation of the first amendment.

### 6. *Retention in Administrative Segregation:*

■ Plaintiff alleges that he is being kept in administrative segregation without reason or alternatively, that Officer Mayberry fabricated a reason.

■ There is no federally protected right not to be placed in administrative segregation. *Hewitt v. Helms*, 459 U.S. 460, 468, 103 S.Ct. 864, 869, 74 L.Ed.2d 675 (1983). However, liberty interests protected by the due process clause may be created by state law or regulation which places substantive limitations on the discretion of officials. *Board of Pardons v. Allen*, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). In *Toussaint v. McCarthy*, 801 F.2d 1080, 1098 (9th Cir.1986), *cert. denied*, 481 U.S. 1069, 107 S.Ct. 2462, 95 L.Ed.2d

871 (1987), the court found that California has created a liberty interest in freedom from administrative segregation. The court concluded that when prison officials initially determine whether a prisoner is to be segregated for administrative reasons due process only requires the following procedures: (1) prison officials must hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated; (2) prison officials must inform the prisoner of the charges against the prisoner or their reasons for considering segregation; and (3) prison officials must allow the prisoner to present his views. *Id.* at 1100–1101. Moreover, administrative segregation may not be used as a pretext for indefinite confinement of an inmate. *Hewitt*, 459 U.S. at n. 9, 103 S.Ct. at n. 9.

■ Plaintiff has failed to provide the court more than a conclusory allegation that he has been wrongfully placed in administrative segregation. Mere conclusory allegations are insufficient to state a claim under 42 U.S.C. § 1983. *Kennedy v. H & M Landing, Inc.*, 529 F.2d 987, 989 (9th Cir.1976). In light of the conclusory nature of this claim, the court must dismiss without prejudice Plaintiff's claim for improper placement in administrative segregation. This court will grant Plaintiff twenty days from the date hereof to amend this claim to provide more specific factual allegations in support of his administrative segregation claim.

### 7. *Racial Discrimination:*

■ Plaintiff alleges that his alleged mistreatment by white prison personnel was due to the fact that he is an African–American inmate. This allegation is not supported with any specificity and is stated as a mere conclusion. As discussed above, such a conclusory allegation is insufficient to state a claim for relief under 42 U.S.C. § 1983. Consequently, this court will dismiss this claim without prejudice and grant Plaintiff twenty days from the date hereof to amend the claim to add factual specificity to support this allegation.

**8. *Retaliation:***

██ Plaintiff claims that he was placed in administrative segregation and treated improperly in retaliation for the fact that he has filed numerous legal actions in federal court. Retaliation for the exercise of a constitutionally protected right is itself a violation of constitutional rights. *Rizzo v. Dawson,* 778 F.2d 527 (9th Cir.1985) (transfer in retaliation for exercise of first amendment rights states a claim where inmate alleges that official actions were retaliatory and were arbitrary and capricious and therefore, not a reasonable exercise of prison authority and did not serve any legitimate correctional goal); *Buise v. Hudkins,* 584 F.2d 223, 229 (7th Cir.1978), *cert. denied,* 440 U.S. 916, 99 S.Ct. 1234, 59 L.Ed.2d 466 (1979) (retaliation against prisoner for exercising his right of access to the courts).

██ Again, however, Plaintiff has failed to provide the court with more than a conclusory allegation of retaliation by prison guards. His claim must be dismissed without prejudice and he may file a more specific claim within twenty days of the date hereof.

**9. *Access to Legal Phonecalls:***

██ Plaintiff contends that he has been deprived of the opportunity to make and receive "legal phonecalls". This court is aware of no authority to support a claim of constitutional violation due to the deprivation of telephone access for convicted prisoners. *See Toussant v. McCarthy,* 597 F.Supp. 1388, 1413 (N.D.Cal.1984) ("Plaintiffs cite to no authority for the assertion that the complete denial to inmate of access to telephone violates contemporary standards of decency inherent in the eighth amendment").

██ On the basis of the brief statement of this claim in Plaintiff's complaint, this court cannot determine what is meant by legal telephone calls. In the event Plaintiff can demonstrate that the telephone is his only avenue for meaningful access to his lawyer because he is unable to contact his lawyer by mail or he is denied visits from his lawyer, this allegation may state a claim for relief under the due process clause as a denial of meaningful access to the courts. Plaintiff's claim is dismissed without prejudice and he is given twenty days from the date hereof to demonstrate that his denial of access to the telephone for legal calls interfered with his meaningful access to the courts.

**10. *Appointment of Counsel:***

██ Plaintiff has asked this court to appoint him counsel to assist in this action. Counsel may be designated under 28 U.S.C. § 1915(d) only in "exceptional circumstances" which requires the evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn v. Escalderon,* 789 F.2d 1328, 1330–1331 (9th Cir.1986). This court does not consider this case to be sufficiently complex to warrant the appointment of counsel at this time. Thus, Plaintiff's request for the appointment of counsel is dismissed without prejudice and he may refile such a request at a later time.

## CONCLUSION

Accordingly it is ordered,

1. Plaintiff's claims for return of his eyeglasses, access to his legal property, deprivation of soap and toilet paper and censorship of his mail state cognizable claims for constitutional violations and shall be served on Defendants. Defendants are ordered to prepare a special report regarding these claims within forty days of the date hereof.

2. Plaintiff's claims for retaliation, racial discrimination, improper placement in administrative segregation and denial of meaningful access to the courts through his denial of access to "legal phonecalls" are dismissed without prejudice and he is granted twenty days from the date hereof to amend these claims in accordance with the discussion in this order.

3. Plaintiff's claim for denial of access to his food package is dismissed with preju-

dice as it fails to state a claim under Section 1983;

4. Plaintiff's request for the appointment of counsel is denied without prejudice;

5. The clerk of this court shall issue summons and immediately serve by certified mail:

(a) a copy of this order, and a copy of the complaint and summons on Defendants and their counsel;

(b) a copy of this order on Plaintiff.

IT IS SO ORDERED.