977 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rodney C. PHELPS, Plaintiff-Appellant,
v.
LOCKHEED MISSILES & SPACE CO., INC., Defendant-Appellee.
 No. 91-16812.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 9, 1992.*
Decided Oct. 14, 1992.
 
 Before FEINBERG**, GOODWIN and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Plaintiff Rodney C. Phelps appeals pro se from the district court's dismissal with prejudice of his amended complaint against his former employer, Lockheed Missiles & Space Co. ("Lockheed"). We affirm.
 
 
 3
 On June 28, 1991, plaintiff served his original complaint by United States mail on Lockheed's parent corporation. The complaint was indecipherable except for numerous citations to inapplicable federal criminal statutes.
 
 
 4
 On August 28, the district court granted defendant's motion to dismiss for lack of jurisdiction, for failure to state a claim, and for insufficiency of service of process. Plaintiff was given fifteen days leave from the date of that order to amend his complaint to allege a basis for federal jurisdiction and to state a claim upon which relief could be granted.
 
 
 5
 On September 9, 1991, plaintiff filed an amended complaint and accompanying exhibits which, like his previous complaint, made reference to criminal codes, was conclusory, and failed to state any claims upon which relief could possibly be granted.
 
 
 6
 The district court held that granting plaintiff further leave to amend would not cure the complaint's defects and, accordingly, granted defendant's motion to dismiss plaintiff's complaint with prejudice.
 
 
 7
 A district court's ruling on a 12(b)(6) motion is reviewed de novo by the court of appeals. Abramson v. Brownstein, 897 F.2d 389 (9th Cir.1990). In evaluating the sufficiency of the plaintiff's amended complaint, the court should, in general, accept as true all "material facts," but the court cannot accept unsupported legal conclusions. Kennedy v. H & M Landing, Inc., 529 F.2d 987 (9th Cir.1976) (material allegations taken as true but not if allegations are mere conclusions); see generally 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (1990).
 
 
 8
 Plaintiff's amended complaint simply recites a laundry list of civil and criminal codes interspersed with vague and meaningless statements. Dismissal with prejudice is appropriate where, as here, the most liberal reading of the plaintiff's complaint fails to yield a basis for federal jurisdiction or to state a claim, and the plaintiff has made no attempt in the amended complaint to cure the defects of the original complaint.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable Wilfred Feinberg, Senior United States Circuit Judge for the Second Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3