26 F.3d 132
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Janet SUMMERFIELD, Plaintiff-Appellant,
v.
William R. HOLCOMB; the City of San Bernardino, a political
sub-division of the State of California; Esther
Estrada, Ralph Hernandez, et al.,
Defendants-Appellees.
 No. 93-55400.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1994.*
Decided June 14, 1994.
 
 Before: FARRIS, O'SCANNLAIN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 We have jurisdiction of the timely appeal pursuant to 28 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 * We review de novo the district court's dismissal of Summerfield's claims against the city under 42 U.S.C. Secs. 1983 & 1985(3). Oscar v. University Students Co-operative Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992).
 
 
 4
 With regard to her section 1983 claims against the city, although Summerfield states that defendants were "top policy makers," she does not allege that defendants were responsible for establishing the city's policies with regard to the actions forming the basis of her suit. She points to no laws in support of her claim that defendants were top policy makers. Without more, Summerfield has failed to allege sufficient facts to establish municipal liability under 42 U.S.C. Sec. 1983. As the Magistrate Judge noted, such conclusory allegations, unsupported by facts, are insufficient to state a civil rights claim, notwithstanding the greater leeway given to pro se plaintiffs. See Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir.1977); see also Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir.1992), cert. denied, 114 S.Ct. 345 (1993); Pembaur v. Cincinnati, 475 U.S. 469, 480-81 (1986); McKinley v. Eloy, 705 F.2d 1110, 1116 (9th Cir.1983).
 
 
 5
 With regard to her section 1985(3) claims, Summerfield's complaint includes no allegations of class-based animus. The district court's dismissal of Summerfield's claims against the city was appropriate. Portman v. County of Santa Clara, 995 F.2d 898, 909 (9th Cir.1993).
 
 II
 
 6
 We review de novo the district court's dismissal of Summerfield's claim against the Board of Building Commissioners on the basis of judicial immunity. Frey v. California, 982 F.2d 399, 401 (9th Cir.), cert. denied, 113 S.Ct. 3000 (1993).
 
 
 7
 Under the San Bernardino Municipal Code, the Board of Building Commissioners is an administrative body established to conduct hearings to determine whether violations of the city's building codes constitute a public nuisance subject to abatement under the municipal code. San Bernardino Municipal Code, Chapter 2.45. The Board's decisions are appealable to the Common Council. San Bernardino Municipal Code, Chapter 15.28.090. Final review is available by appeal to the California Superior Court.Cal.Code.Civ.P. Sec. 1094.5. The Board is entitled to absolute quasi-judicial immunity. Antoine v. Byers & Anderson, 113 S.Ct. 2167, 2171 (1993); Forrester v. White, 484 U.S. 219, 229-30 (1988) (the nature of the function performed, not the identity of the actor who performed it" informs the court's immunity analysis); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc).
 
 III
 
 8
 We review de novo the district court's dismissal of Summerfield's procedural due process claim for failure to state a claim for relief. Oscar, 965 F.2d at 785. Cal.Code.Civ.P. Sec. 1094.5 afforded Summerfield all the process she was due. Since Summerfield alleges that she was deprived of adequate notice of an appeal hearing, it would have been impossible for the state to have provided a pre-deprivation hearing. Zinermon v. Burch, 494 U.S. 113, 126 (1990) ("The constitutional violation actionable under Sec. 1983 is not complete ... unless and until the state fails to provide due process.").
 
 IV
 
 9
 We review de novo the district court's dismissal of Summerfield's Fourth, Fifth, and Eighth claims for relief against defendant Empeno based upon absolute prosecutorial immunity. Frey, 982 F.2d at 401. The district court correctly dismissed Summerfield's claims against Empeno. Although a prosecutor can lose his or her prosecutorial immunity from civil suits when he or she performs acts outside of their authority, Buckley v. Fitzsimmons, 113 S.Ct. 2606, 2615-16 (1993), Summerfield has not alleged that Empeno has committed such conduct. Ashelman, 793 F.2d at 1075; Demery v. Kupperman, 735 F.2d 1139, 1143 (9th Cir.1984), cert. denied, 469 U.S. 1127 (1985).
 
 V
 
 10
 We review de novo the district court's dismissal of Summerfield's Fourth and Fifth claims for relief against defendants Nolfo and Stachowski. Oscar, 965 F.2d at 785. We affirm. Summerfield's complaint lists a number of alleged errors in the affidavits, however, her pleadings do not allege any facts tending to show that either Nolfo or Stachowski was aware or should have been aware of the falsity of their statements. In addition, she does not allege that the false statements were necessary to the finding of probable cause. Franks v. Delaware, 438 U.S. 154, 171 (1978); Branch v. Tunnell, 937 F.2d 1382, 1387 (9th Cir.1991).
 
 VI
 
 11
 As discussed more fully regarding the dismissal of the city of San Bernardino, Summerfield failed to state a claim pursuant to 42 U.S.C. Sec. 1985(3) against the individual defendants because she did not allege racial or class-based animus. Summerfield's Ninth claim for relief was properly dismissed.
 
 VII
 
 12
 Summerfield invoked the district court's supplemental jurisdiction although she did not specify which state law claims fell under that jurisdiction. The district court concluded that supplemental jurisdiction could not be invoked because Summerfield had not alleged compliance with the California Tort Claims Act, as required by Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir.1988). The district court was correct.
 
 VIII
 
 13
 We review de novo whether the district court properly concluded that Summerfield's remaining claims (First, Sixth and Seventh) should be dismissed on the basis of the Younger abstention doctrine. Kenneally v. Lungren, 967 F.2d 329, 331 (9th Cir.1992), cert. denied, 113 S.Ct. 979 (1993).
 
 
 14
 Abstention was appropriate. The Mann case is indistinguishable from that of Summerfield. Her remaining claims involve the constitutionality of the investigatory warrants and the searches pursuant to those warrants. Under California Penal Code Sec. 1538.5, a defendant may make a motion to suppress evidence obtained in violation of federal or state constitutional standards. In addition, the concerns regarding federal-state friction are identical in both cases. Nevada Entertainment Indus. v. City of Henderson, 8 F.3d 1348, 1349 (9th Cir.1993). Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir.1986) (per curiam).
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3