**Calvin JAMES, Plaintiff–Appellant,**

v.

**HORIZON AIRLINES; et al., Defendants–Appellees.**

No. 00–35193.

D.C. No. CV–98–00449–WFN/CI.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2001.[*]

Decided June 1, 2001.

Before PREGERSON, FERNANDEZ, and WARDLAW, Circuit Judges.

MEMORANDUM [**]

Calvin James, incarcerated at the time he filed this action, appeals pro se from the district court's order dismissing without prejudice his civil rights complaint alleging that Horizon Airlines and the Spokane Airport police discriminated against him when he attempted to refund an airline ticket voucher. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We review de novo the

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Although the district court's August 17, 1999, order dismissed James' complaint without prejudice, the order was final and appealable because the district court evidenced the finality of its decision when it ordered that the file be closed. *See Nat'l Distrib. Agency v. Nationwide Mut. Ins. Co.,* 117 F.3d 432, 433

district court's dismissal under 28 U.S.C. § 1915. *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998) (order). We affirm in part, reverse in part and remand.

Because the first amended complaint alleged that Horizon Airlines would not have reported James to airport police had he been a white passenger refunding an airline ticket voucher, the district court erred by dismissing James' 42 U.S.C. § 1981 claim against Horizon Airlines. *See Sherman v. Yakahi,* 549 F.2d 1287, 1290 (9th Cir.1977); *cf. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993) (holding that no heightened pleading standard applies in civil rights cases alleging municipal liability). Accordingly, we reverse the district court's order with respect to James' 42 U.S.C. § 1981 cause of action against Horizon Airlines.

We affirm the district court's order on the claims against the airport police. Each party shall bear its own costs on appeal.

AFFIRMED in part, REVERSED in part and REMANDED.

(9th Cir.1997). We also note that James' February 25, 2000, notice of appeal was timely because the district court did not enter a separate judgment pursuant to Fed.R.Civ.P. 58. *See McCalden v. Cal. Library Ass'n,* 955 F.2d 1214, 1218–19 (9th Cir.1990).

