Hector V. LUNA, Plaintiff–Appellant,

v.

**CITY OF SAN BERNARDINO,**
**Defendant–Appellee.**

No. 01–55157.

D.C. No. CV–00–04349–ABC.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 5, 2001 *.

Decided Nov. 15, 2001.

Before BROWNING, KLEINFELD,
and McKEOWN, Circuit Judges.

MEMORANDUM **

Hector V. Luna appeals pro se the district court's dismissal of his third amended

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

**696**

42 U.S.C. § 1983 complaint alleging false arrest, equal protection and due process violations, and several state law claims arising from his arrest for suspicion of child abuse. We have jurisdiction under to 28 U.S.C. § 1291. We review de novo dismissals pursuant to Fed.R.Civ.P. 12(b)(6), *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), and we affirm.

Because Luna failed to allege constitutional deprivations that were the result of any official policy or practice, the district court properly dismissed his section 1983 claims against the City of San Bernardino. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Because Luna failed to allege sufficient facts, the district court properly dismissed his equal protection claim. *See Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977) (holding proof of racially discriminatory intent or purpose required to show equal protection violation); *see also Sherman v. Yakahi*, 549 F.2d 1287, 1289–90 (9th Cir.1977) (holding a pleading will not be sufficient to state a claim under the Civil Rights Act if the allegations are mere conclusions).

Because Luna failed to allege facts to support a claim that the city police officers acted in a clearly arbitrary manner, having no substantial relation to public health, safety, morals, or general welfare, the district court properly dismissed Luna's substantive due process claim. *See Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 882 F.2d 1398, 1407 (9th Cir.1989), overruled in part by *Armendariz v. Penman*, 75 F.3d 1311, 1326 (9th Cir.1996) (en banc).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Luna's state law claims after it properly dismissed all claims over which it had original jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *Executive Software N. Am., Inc. v. United States Dist. Court*, 24 F.3d 1545, 1555–56 (9th Cir.1994).

Luna's requests to admit new evidence are denied.

**AFFIRMED.**