325 F.3d 1141
 Tamara ZELTSER, dba Medallion Jewelry & Loan, Plaintiff-Appellant, and
Edward Zeltser, Plaintiff,
v.
CITY OF OAKLAND; Craig Kocian; Joseph Samuels, Jr., individually and in his capacity as Chief of Police of the City of Oakland; Thomas O. Donohue, individually and in his capacity as Deputy Chief of Police, Bureau of Investigation; Jay Crawford; Ken Zanotto; Kenneth Whitman, individually and in his capacity as Sergeant of the Oakland Police Department; David C. Larson, individually and in his capacity as Officer of the Oakland Police Department; William Andrews, individually and in his capacity as Sergeant of the Oakland Police Department; T.L. Slade, individually and in his capacity as Sergeant of the
Oakland Police Department; Jane W. Williams, individually and in her capacity as City Attorney of the City of Oakland, Defendants-Appellees.
 No. 01-17430.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted February 12, 2003.
 Filed April 8, 2003.
 
 Henry O. Noffsinger, Pleasant Hill, CA, for the plaintiff-appellant.
 Kathleen Salem-Boyd, Oakland City Attorney's Office, Deputy City Attorney, Oakland, CA, for the defendants-appellees.
 Appeal from the United States District Court for the Northern District of California; Charles A. Legge, District Judge, Presiding. D.C. No. CV-94-02756-WDB.
 Before TROTT, RYMER, and TALLMAN, Circuit Judges.
 OPINION
 TALLMAN, Circuit Judge.
 
 
 1
 Tamara Zeltser, d/b/a Medallion Jewelry & Loan ("Zeltser"), appeals the district court's order granting summary judgment to the City of Oakland ("City") in her 42 U.S.C. § 1983 action. The district court held as a matter of law that the City did not violate Zeltser's right to due process when it failed to provide her with notice and an opportunity to be heard before returning a ring seized from her pawnshop to its original owner. The district court held that because the ring was seized pursuant to a warrant under Cal.Penal Code § 1536, no further notice and hearing was required. We review the district court's grant of summary judgment de novo, Padfield v. AIG Life Ins. Co., 290 F.3d 1121, 1124 (9th Cir.2002), and we reverse.
 
 
 2
 Zeltser raises a number of issues on appeal. In this opinion, we deal only with her argument that the district court erred in granting summary judgment to the City regarding the Oakland Police Department's ("OPD") liability for the seizure and return of the ring. We address Zeltser's arguments concerning other pawned items seized from her pawnshop in a companion unpublished disposition.
 
 
 3
 * In December 1992, Willie Packnett reported the theft of several items of jewelry, including a diamond ring. Packnett identified his girlfriend—who had been left alone in his apartment the morning that the jewelry disappeared—as a likely suspect. A subsequent check of pawnshop receipts by the OPD indicated that a person identifying herself as Sherryl Rena Boyce pawned Packnett's ring at Medallion Jewelry & Loan. The OPD placed a 90-day hold on the ring, pending the completion of the police investigation.
 
 
 4
 Further investigation matched the fingerprints of the person who pawned the ring with Angelica Miller, Packnett's girlfriend. Subsequently, the ring was seized pursuant to a search warrant and stored in the OPD property room as evidence. The state charged Miller with criminal theft, and a trial date was set. Zeltser was subpoenaed to appear as a witness at Miller's trial. A day before the start of the trial, Miller pled guilty. The court's order accepting Miller's plea said nothing about the disposition of the ring. Nor did the judge who had issued the search warrant enter an order disposing of the ring. Nevertheless, an OPD officer returned the ring to Packnett.
 
 
 5
 Zeltser — unaware that Miller had pled guilty the day before — appeared on the date set for trial in compliance with the subpoena. At that time, Zeltser was informed by an OPD officer that the ring had been returned to Packnett.
 
 II
 
 6
 California law provides two ways in which the police can compel a pawnbroker to give them control over allegedly stolen property: officers can place a hold on the property or they can seize the property pursuant to a valid search warrant (or an applicable exception). Sanders v. City of San Diego, 93 F.3d 1423, 1430 (9th Cir.1996); G & G Jewelry, Inc. v. City of Oakland, 989 F.2d 1093, 1101-02 (9th Cir.1993).
 
 
 7
 An agency's ability to "hold" allegedly stolen property is authorized by Cal. Bus. & Prof.Code § 21647. When police place property on hold, it remains in the possession of the pawnshop but may not be disposed of for 90 days. Cal. Bus. & Prof. Code § 21647(a). While property is on hold, a pawn-broker must make it available to the police to aid in their criminal investigation. Cal. Bus. & Prof.Code § 21647(b). When property being held is no longer required for the investigation, it must be released in accordance with Cal. Bus. & Prof.Code § 21647(c) and (d). These two subsections set forth a procedure whereby persons claiming an ownership interest in the subject property are notified of the property's location. Once police have provided the required notice, they have no further role. G & G Jewelry, 989 F.2d at 1098. An alleged owner may regain the property by negotiating an agreement with the pawnbroker or by initiating a civil suit. Id.
 
 
 8
 Alternatively, police can "seize" property pursuant to a warrant (or without a warrant if an applicable exception exists) and then provide a pawnbroker with a receipt as mandated by Cal. Fin.Code § 21206.7 and 21206.8. See Sanders, 93 F.3d at 1430. When law enforcement officers seize allegedly stolen property, Cal. Fin.Code § 21206.8 and Cal.Penal Code §§ 1407 et seq., govern the subsequent disposition of the property. Sanders, 93 F.3d at 1432. Under these statutes, if any person makes a claim of ownership, the custodian of the seized property must notify the pawnbroker of the competing claim. Cal. Fin.Code § 21206.8(b)(1). After the pawnbroker has received notice of the competing claim, she has ten days in which to assert her own claim to the property. Cal. Fin.Code § 21206.8(b)(2). After notice has been provided to the pawnbroker, if the owner can show satisfactory proof of ownership, a judge may order the property returned to the owner. Cal.Penal Code § 1408. Absent a competing claim by the owner, the property must be returned to the pawnbroker. Cal.Penal Code § 1411.
 
 III
 
 9
 Here, the OPD seized the ring from Zeltser's pawnshop pursuant to a judicial warrant that directed the executing officer to "retain such property in your custody, subject to the order of this court pursuant to § 1536 of the Penal Code."[1] The City contends that when property is seized pursuant to Penal Code § 1536, disposal of the property need not adhere to the notice and hearing provisions provided in Penal Code §§ 1407 et seq. Instead, the City claims that when a search warrant is obtained for property pursuant to § 1536, police may release the property after a court's determination of ownership. In this case, the City argues, a judicial determination regarding ownership was made when the court accepted Miller's guilty plea, which established Packnett's ownership of the ring.
 
 
 10
 In granting the City's motion for summary judgment, the district court adopted the City's argument, holding:
 
 
 11
 once property has been seized pursuant to a valid warrant it is subject to Penal Code § 1536 and when the trial court determines that the subject property was stolen from the alleged victim, a police officer may return the subject property to the alleged victim. No further notice of hearing or opportunity to be heard by the person from whom the property was seized is required either by the Court before whom the matter was heard or by the Court that issued the warrant.
 
 
 12
 We reverse the district court's order because it is contrary to our holding in Sanders. In Sanders, we acknowledged that "the pawnbroker, as pledgee, has a legitimate possessory interest in the property as against the rest of the world except the person having title to the property" and is therefore entitled to due process regardless of the ultimate determination of entitlement to possession or ownership. 93 F.3d at 1426-27 (internal citations omitted). Furthermore, we held that Cal. Fin. Code § 21206.8 "directly address[es]" and "explicitly governs" the disposal of stolen property that has been seized from a pawnbroker. Sanders, 93 F.3d at 1432. Fin.Code § 21206.8 and Penal Code § 1407 are designed to provide California pawnbrokers with an opportunity to be heard before the custodian releases the seized property to a competing claimant. Sanders, 93 F.3d at 1429-30. Under Sanders, it is evident that Zeltser was entitled to an opportunity to assert her interest in the ring before it was released from police custody. The fact that the warrant at issue in this case was served pursuant to Cal.Penal Code § 1536 does not alter our analysis.
 
 
 13
 The district court's grant of summary judgment to the City is contrary to established Ninth Circuit law requiring the application of Cal. Fin.Code § 21206.8 and Cal.Penal Code § 1407 et seq. when property is seized from a pawnshop owner. In the absence of any justification for denying Zeltser the opportunity to assert her ownership interest in the ring, summary judgment was inappropriate. The City deprived Zeltser of her constitutional right to due process of law by failing to comply with the statutory provisions governing the disposition of property seized from a pawnbroker pursuant to a warrant. Therefore, we reverse the district court's award of summary judgment to the City and remand for consideration of Zeltser's remaining claims.
 
 
 14
 REVERSED and REMANDED for further proceedings.
 
 
 
 Notes:
 
 
 [1]
 Section 1536 of the Cal.Penal Code provides:
 All property or things taken on a warrant must be retained by the officer in his custody, subject to the order of the court to which he is required to return the proceedings before him, or any other court in which the offense in respect to which the property or things taken is triable.