Wesley E. SASIN dba California Pawn Shop, Plaintiff–Appellant,

v.

COUNTY OF KINGS, et al., Defendant–Appellees.

No. 02–15688.

D.C. No. CV–00–6224–REC–DLB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 14, 2003.

Decided June 5, 2003.

Before HAWKINS and W. FLETCHER, Circuit Judges, and KING, District Judge.*

MEMORANDUM**

Wesley Sasin, dba California Pawn Shop, appeals the district court's granting of three motions to dismiss for failure to state a claim, and one motion for summary judgment in favor of defendants County of Kings, et al. The district court found that the defendants did not violate Sasin's rights under California laws and federal due process protection in their seizure of two rings held by Sasin in his pawn shop, and by failing to return them to him. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

The district court allowed Sasin to file a Fifth Amended Complaint before ultimately disposing of all claims in three separate orders finding that Sasin failed to state a claim as to all claims other than his Fourth Amendment and pre-deprivation procedural due process claims involving Deputy Hershberger, and the claim against the

---

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9TH CIR. R. 36–3.

County of Kings. The remaining claims were disposed of in the district court's final order granting summary adjudication in favor of Deputy Hershberger and the County of Kings.

California provides certain procedures when police want to seize property, believed to be stolen, which is in the possession of a pawnbroker. Cal. Bus. & Prof. Code § 21647.[1] Section 21647 also provides certain rights for the pawnbroker, the pledgor, and the person claiming the property was stolen. "The statutory procedures do not purport to resolve ownership of the property; they only dictate which party is entitled to possess the property until ownership is resolved by negotiation, agreement, or by some sort of civil litigation." *G&G Jewelry, Inc. v. City of Oakland,* 989 F.2d 1093, 1096 (9th Cir. 1993).

In cases of warrantless seizure, the "plain view" exception to the Fourth Amendment applies.[2] *Id.* at 1101. However, the plain view seizure does not allow the police to seize the property from a pawnbroker for the purpose of returning it to the person who reported it stolen. *Id.* at 1102. Whether the property is seized

pursuant to a search warrant or without a warrant but in accordance with the plain view exception, "compliance with the Fourth Amendment also serves to comply with procedural due process." *Sanders v. City of San Diego,* 93 F.3d 1423, 1428 (9th Cir.1996). This Court also held that Financial Code § 21206.8[3] governs the final disposition of property seized from pawnbrokers and that it, too, satisfies procedural due process. *Id.* at 1429–30. *See also Zeltser v. City of Oakland,* 325 F.3d 1141 (9th Cir.2003) (finding summary judgment improper when seized property was returned to third-party without allowing the pawnbroker to assert ownership).

In addressing Sasin's equal protection claim, the district court stated that he could maintain a claim as a "class of one" if he could allege that he was intentionally treated differently than others similarly situated and that there was no rational basis for the difference in treatment. *Village of Willowbrook v. Olech,* 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000). Sasin failed to adequately allege facts to state such a claim and we affirm the district court's dismissal of Sasin's equal protection claims as to all defendants.

1. Business and Professions Code Section 21647:

   (a) Whenever any peace officer has probable cause to believe that property ... is stolen, the peace officer may place a hold on the property for a period not to exceed 90 days. When a peace officer places a hold on the property, the peace officer shall give the pawnbroker ... a written notice at the time the hold is placed, describing the item or items to be held.

2. This Court held that the plain view exception applies to justify warrantless seizures of merchandise from a pawnbroker for investigatory purposes where (1) the police officer is lawfully on the premises; (2) the pawnbroker is required by statute to produce the pawned property for inspection; and (3) the examination of the property reveals that there was

probable cause to believe that it was stolen. *Sanders* at 1427, *quoting G & G Jewelry* at 1101.

3. Financial Code § 21206.8:

   (a) ... [W]henever property alleged to have been stolen or embezzled is taken from a pawnbroker, the peace officer, ... or other person having custody of the property shall not deliver the property to any person claiming ownership unless the provisions of this section are complied with.

   (b)(1) If any person makes a claim of ownership, the person having custody shall notify the pawnbroker.

   (b)(2) If the pawnbroker makes no claim with respect to the property within 10 days of such notification, the property may be disposed of as otherwise provided by law.

Sasin's specific causes of action against Deputy Jerry Costner were that (1) Deputy Costner's conduct was an abuse of process and a deprivation of his guarantee of equal protection of the laws; (2) Deputy Costner filed a declaration in support of a warrant for the arrest of Sasin; and (3) the defendants conspired with each other to do the unlawful acts alleged.

■ The extent of Costner's involvement in this case was that he filed a declaration in support of a warrant for Sasin's arrest, but never had the warrant signed or issued. There being no arrest or prosecution by Defendant Costner, Sasin failed to state a claim for abuse of process or for malicious prosecution. *Albright v. Oliver*, 510 U.S. 266, 275, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994); *Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir.1985) (en banc).

■ Sasin also alleged that Deputy Costner's actions constituted Fourth Amendment violations. "The Fourth Amendment covers only 'searches and seizures.'" *County of Sacramento v. Lewis*, 523 U.S. 833, 843, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). Costner's action of filing a declaration for an arrest warrant does not constitute a search or a seizure.

Sasin also alleged conspiracy between Deputy Costner and the other Deputies who seized the man's ring. "Conclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act." *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir.1977); *see also, Mosher v. Saalfield*, 589 F.2d 438, 441 (9th Cir.1978). Sasin must "allege with at least some degree of particularity overt acts which defendants engaged in" that support the plaintiff's claim. *Sherman*, 549 F.2d at 1290 (quoting *Powell v. Workmen's Compensation Board*, 327 F.2d 131, 137 (2d Cir.1964)). Sasin was unable to provide any factual allegations to maintain this claim. We affirm the dismissal of Deputy Costner of all claims asserted by Sasin.

■ Sasin alleged that the defendants involved in the seizure of the man's ring violated his pre-deprivation due process rights. Deputy Bevens obtained a search warrant for the man's ring and Deputies Noyes and Parker executed the warrant to seize the ring. The Fourth Amendment allows law enforcement to seize property from pawnbrokers pursuant to a valid warrant. *Sanders*, 93 F.3d at 1427.

Sasin also alleged post-deprivation due process violations, stating that the man's ring was wrongfully withheld by the defendants under California Financial Code § 21206.8. This is not a situation in which defendants gave the property to a third-party who claimed original ownership. *E.g., id.* at 1433; *Zeltser* at 1143. The district court properly dismissed Sasin's post-deprivation claim as to the man's ring.

With regard to the lady's ring, the district court similarly dismissed Sasin's claim of violating his post-deprivation procedural due process rights as Hershberger did nothing with the lady's ring after its initial seizure. Sasin also alleged Fourth Amendment violations with regard to Deputy Hershberger's seizure of the lady's ring without a warrant. Deputy Hershberger's warrantless seizure in this case was proper under the plain view exception to the Fourth Amendment. *Sanders*, 93 F.3d at 1427; *see* Cal. Pen.Code § 830.1; Cal. Fin.Code § 21206.

■ Sasin also claimed that his constitutional rights were violated because Hershberger failed to comply with Financial Code § 21206.7 requiring the peace officer to give the pawnbroker a receipt containing a description of the property, the reason for the seizure, and the names of the pawnbroker and the officer. Cal. Fin. Code § 21206.7. Hershberger gave Sasin a form labeled "property release receipt"

which paper identified the peace officer, the report number for the case under investigation, the date and the property. Additionally, Hershberger verbally informed Sasin, his wife, and his daughter that she was seizing the ring and that it was believed to be stolen. We agree with the district court that these actions substantially complied with Financial Code § 21206.7. We affirm the summary adjudication of the claims in favor of Deputy Hershberger.

Sasin alleged that the policies, practices or customs of the County of Kings caused him constitutional injury. *Monell v. Dept. of Social Services,* 436 U.S. 658, 691–94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Because the district court correctly found that there was no underlying constitutional harm, Sasin cannot maintain the *Monell* claim against the County of Kings based on the actions of its officers. *Los Angeles v. Heller,* 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986). For the same reason, the district court appropriately dismissed Sasin's claims pursuant to 42 U.S.C. §§ 1985 and 1986, for conspiracy to interfere with civil rights and liability for failing to prevent such interference.

Finally, the district court noted that one of Sasin's many complaints named Sheriff Ken Marvin and Deputies Jesse Ferrell and Shawn McRae as defendants, but failed to mention any conduct or alleged wrongdoing. The only allegations connected with these individuals is that Ken Marvin was the Sheriff of the County of Kings and that Deputies Ferrell and McRae were deputy sheriffs. The district court did not err in finding that the complaints did not state any facts to support claims against these parties.

AFFIRMED.