**CREATIVE PAPERCLAY COMPANY, INC., a California Corporation, Plaintiff—Appellant,**

v.

**SENTRY INSURANCE, a Mutual Company, a Wisconsin Corporation, Defendant—Appellee.**

No. 02–56156.
D.C. No. CV–01–04918–ABC.

United States Court of Appeals, Ninth Circuit.

Submitted July 7, 2003.*

Decided July 9, 2003.

Before SILVERMAN, W. FLETCHER, and RAWLINSON, Circuit Judges.

## MEMORANDUM**

Creative Paperclay Company, Inc. asserts that the district court erred in grant-

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ing Sentry Insurance summary judgment and denying Creative Paperclay's motion for an order specifying issues that exist without substantial controversy. We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. We affirm.

We review a district court's decision to grant or deny summary judgment *de novo*. *Zeltser v. City of Oakland*, 325 F.3d 1141, 1143 (9th Cir.2003). Under California law, Creative Paperclay has the burden of establishing that the counterclaim in this case comes within the scope of the policy provided by Sentry Insurance. *Waller v. Truck Ins. Exch., Inc.*, 11 Cal.4th 1, 16, 44 Cal.Rptr.2d 370, 900 P.2d 619 (1995). Because the parties are familiar with the facts and procedural history, they are not recited here except as necessary.

Handcraft's counterclaim in the underlying suit does not allege an "advertising injury" covered by the insurance policy. The counterclaim does not allege a claim for trademark infringement or common law misappropriation, which is covered by the insurance policy. Rather, the counterclaim merely seeks to have Creative Paperclay's trademark declared generic and the trademark registration declared invalid and unenforceable. Furthermore, the insurance policy states that coverage applies to advertising injuries "caused by an offense committed in the course of advertising [Creative Paperclay's] goods, products, or services." Handcraft's counterclaim relates to Creative Paperclay's *registration* of the trademark, not to Creative Paperclay's use of the mark in its advertising activities. As the district court correctly held, Handcraft's counterclaim does not state a misappropriation claim, nor has Creative Paperclay made a showing that Handcraft could state such a claim.

In the alternative, as the district court held, coverage in this case is excluded by the "first publication" provision. The parties do not dispute that Creative Paperclay registered and used the "Paperclay" trademark before the inception of the insurance policy.

AFFIRMED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.