FILED

JUN 18 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH W. CHAIT, individually and on behalf of those similarly situated,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>CITY OF SAN FRANCISCO, a Muncipal Corporation; GEORGE GASCON; R. DELA VEGA, (Badge # 1823) in his individual and official capacity as a Police Officer of the San Francisco Police Department; RONNIE WAGNER, in her individual & official capacity as a Police officer/ police Department of Attorney of the San Francisco Police Department; DANIEL YAWCZAK, (Badge # 1810) in his individual & official capacity as a Police Officer of the San Francisco Police Department,<br><br>        Defendants - Appellees. | No. 11-17685<br><br>D.C. No. 3:10-cv-02194-WHA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted June 13, 2013[]
San Francisco, California

Before: TASHIMA and BYBEE, Circuit Judges, and WOOD, Senior District Judge.[***]

Joseph Chait appeals the district court's grant of summary judgment against him. The facts are known to the parties. We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review the district court's grant of summary judgment de novo," *Zeltser v. City of Oakland*, 325 F.3d 1141, 1143 (9th Cir. 2003), and we affirm.

We have held that "California law provides two ways in which the police can compel a pawnbroker to give them control over allegedly stolen property: officers can place a hold on the property or they can seize the property pursuant to a valid search warrant (or an applicable exception)." *Id.* Putting a "hold" on allegedly stolen property is governed by California Business and Professions Code § 21647. *Id.* at 1143–44. We have held, however, that "the disposal of property seized from pawnbrokers—rather than placed on hold—is governed by [California] Financial Code § 21206.8," and that the "statutory procedures [in that code section]

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Kimba M. Wood, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

satisfy procedural due process." *Sanders v. City of San Diego*, 93 F.3d 1423, 1429–30 (9th Cir. 1996); *see also Zeltser*, 325 F.3d at 1144.

All of Chait's claims rely for support on California Business and Professions Code § 21647, and the premise that § 21647 governs the disposal of the watches that had been seized.[1] We disagree. The facts of this case are identical to the situation presented in *Zeltser* where the allegedly stolen property was first placed on "hold" by a police officer pending further investigation, and then was subsequently seized as evidence. *See Zeltser*, 325 F.3d at 1143. There, we held that California Financial Code § 21206.8 governed. *Id.* at 1145. Because our precedent dictates that California Financial Code § 21206.8 governs situations such as this where allegedly stolen goods are seized as evidence, *see Zeltser*, 325 F.3d at 1144–45; *Sanders*, 93 F.3d at 1429, Chait's claims fail as a matter of law. Chait relies on the improper statute and he has failed to raise a genuine issue of material fact under the controlling statute.

The only claim that might remain is whether the City violated California Business and Professions Code § 21647 by placing a hold on the watches. This

---

[1] Chait raises for the first time before us claims under the Fourth and Fifth Amendments to the United States Constitution. These arguments are waived because they were not raised below. *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010).

claim too, however, is without merit. California Business and Professions Code § 21647(a) states that if a "peace officer has probable cause to believe that property . . . in the possession of a pawnbroker . . . is stolen, [then] the peace officer may place a hold on the property for a period not to exceed 90 days." The undisputed facts show—and Chait admitted in his deposition[2]—that the police properly placed a hold on the watches pursuant to California Business and Professions Code § 21647(a) because the serial numbers on the watches were identical to those alleged to have been stolen in a police report. The undisputed facts here were sufficient to give the officer probable cause to believe that the watches were stolen based on the serial number identification. Chait has failed to raise a genuine issue of material fact in this regard.

Even if Chait had properly raised a seizure claim under California Financial Code § 21206.8, it would fail. As we stated in *G & G Jewelry, Inc. v. City of Oakland*, there is no improper seizure when "the police were properly on the premises and were authorized to inspect the pawnshop property pursuant to [California Financial Code] § 21206," and "[t]he inspection revealed the make, model, and serial numbers of the property reported as stolen and, thus, the evidence

_____

[2] Chait's contradictory statements do not create a genuine issue of material fact. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806–07 (1999).

4

that the property was stolen was in plain view." 989 F.2d 1093, 1099, 1101 (9th Cir. 1993). Therefore, even if Chait had properly raised a claim regarding an alleged improper seizure, it would be foreclosed based on our precedent and the undisputed facts in this case.

AFFIRMED.